UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

KRYSTLE GILES,          )
                                  )
        Plaintiff,       )
                                  )
v.                            )       No. 3:23-CV-00156-JRG-JEM
                                  )
FEDERAL AGENTS,      )
                                  )
        Defendants.   )

**<u>ORDER</u>**

This matter is before the Court on a sua sponte review of the record. On June 28, 2023, the Court ordered pro se Plaintiff Krystle Giles to show cause as to why it should not dismiss her claims based on her noncompliance with Local Rule 83.13. [Order to Show Cause, Doc. 7]. The Court warned Ms. Giles that her failure to respond to its order would result in dismissal of her claims. [*Id.* at 2]. At the Court's instruction, the Clerk of Court mailed a copy of the Court's order to the only known address on file for Ms. Giles, and the order was not returned as undeliverable.

Ms. Giles, however, has not responded to the Court's show-cause order, and the deadline for a response has now lapsed. [Show-Cause Order at 2]. Under Local Rule 83.13, a pro se plaintiff's failure to file a timely notice of her change of address is tantamount to a failure to prosecute her case. *See White v. City of Grand Rapids*, 34 F. App'x 210, 211 (6th Cir. 2002) (concluding that a pro se prisoner's complaint "was subject to dismissal for want of prosecution because he failed to keep the district court apprised of his current address"); *see also* Fed. R. Civ. P. 41(b) (providing district court's with authority to dismiss a case "[i]f the plaintiff fails to prosecute"). Because the Court previously warned Ms. Giles that her ongoing failure to prosecute this case would result in dismissal of her claims, and because Ms. Giles has remained inert in

her pursuit of this case, dismissal of her claims is now proper. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); *Gardner v. United States*, No. 97-5469, 1999 WL 232693, at *2 (6th Cir. Apr. 15, 1999) ("[A] court may properly dismiss a pro se litigant's case for failure to comply with the court's order where the court put the pro se party on notice that failure to comply will result in dismissal." (citing *Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1998))); *see also* Fed. R. Civ. P. 41(b) ("[A] dismissal under this [rule] . . . operates as an adjudication on the merits."). Ms. Giles' claims are therefore **DISMISSED with prejudice**, and the Clerk of Court is **DIRECTED** to close this case.

So ordered.

ENTER:

_____
s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE